**Rayford KNIGHT, Plaintiff–Appellant,**

v.

**Lawrence B. ROSENBERG, Esq., Emanuel A. Moore, Esq., Susan G. Kellman, Esq., Defendants–Appellees.**

No. 01–7141.

United States Court of Appeals,
Second Circuit.

Nov. 20, 2001.

Rayford Knight, Fort Dix, NJ, pro se.

Susan G. Kellman, New York, NY, for appellees.

Present MINER, STRAUB and PARKER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Knight, *pro se,* filed a complaint against the defendants-appellees, one Maryland-based attorney whom Knight had retained to represent him in a federal criminal proceeding in Maryland, and two New York-based attorneys who had been court-ap-

**64**

pointed to represent him in New York, the site of his arrest, before he was transferred to Maryland. Knight alleged that the defendants engaged in legal malpractice by mishandling the criminal matter, ultimately leading to his conviction by guilty plea. Knight alleged diversity of citizenship between the parties as the basis for federal jurisdiction.

Defendants moved to dismiss the complaint, and the District Court (Carol B. Amon, *District Judge*) *sua sponte* determined that it lacked subject matter jurisdiction over the complaint because Knight, his place of incarceration notwithstanding, was a domiciliary of New York and thus shared citizenship with two of the defendants. The District Court dismissed the complaint without prejudice to repleading a sufficient basis for jurisdiction.

Knight refiled his complaint, alleging the same facts, but asserting that jurisdiction was proper because defendants had violated 42 U.S.C. § 1983, as well as 18 U.S.C. §§ 241 and 242 (criminalizing the deprivation of civil rights). The District Court determined that it once again lacked subject matter jurisdiction to adjudicate the dispute and dismissed the amended complaint, this time with prejudice. In support of its ruling, the District Court concluded that (1) court-appointed attorneys do not act under color of state or federal law, and hence are not liable under § 1983; (2) the conspiracy claim against the private attorney was vague and conclusory, and hence was insufficient to allege a violation of § 1983; and (3) there is no private cause of action under 18 U.S.C. §§ 241 and 242. Knight then appealed the dismissal.

For substantially the reasons set forth in the District Court opinion dismissing Knight's amended complaint, we agree that the District Court lacked subject mat-ter jurisdiction. We therefore AFFIRM the judgment of the District Court.